Submitted on appellant's brief August 27, reversed and
remanded September 21, 1971

STATE OF OREGON, *Respondent, v.*
DONALD EUGENE SMALLEY, *Appellant.*

488 P2d 849

John M. Biggs, Eugene, for appellant. With him
on the brief were Allen & Biggs, Eugene.

No appearance for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

Upon trial by jury the defendant was convicted of unarmed robbery (ORS 163.290). The defendant assigns as error the court's refusal to allow defense counsel to cross-examine the state's primary witness about her testimony and conduct two and a half years earlier in a prior unrelated case involving the same defendant. An offer of proof was then made which showed that the witness had testified falsely against defendant and had secreted evidence favorable to him from the police:

"Q   The specific facts of this was when Don hit a person who had a gun on him, and Don knocked the gun out of the person's hand and kicked the person, and he was later charged with assault and battery in the City Court, and you testified that the person who Don was accused  of assaulting did not have a weapon, and Don testified that in fact he did have a weapon.

"Do you recall that incident?

"A   Yes.

"Q   Now, isn't it true that you admitted after testifying under oath in Albany City Court that this person Don assaulted did not have a gun, isn't it true that you admitted to a police officer and to a city attorney that you were lying and that in fact that person did have a gun?

"A   Yes. That was right during court.

"* * * * *

"Q   And isn't it true that you not only knew the person had a gun but in fact you had hidden the gun after the transaction took place?

"A   Yes."

■ ■ The excluded evidence would have revealed the bias of the witness toward the defendant. In weighing the testimony of a witness the jury is entitled to know the bias, if any, that the witness entertains for the defendant. Facts which show bias may properly be elicited on cross-examination. *State v. Weston,* 102 Or 102, 136, 201 P 1083 (1921). See *Houser et al v. Heider et al,* 221 Or 7, 24, 350 P2d 422 (1960).

■ The state concedes[1] that the trial court's ruling constitutes reversible error.

Reversed and remanded.

---

[1] The state did not file a brief and advised the court that it would not resist defendant's appeal on this assignment of error.