Argued October 8, reversed and remanded October 22, 1973

# STATE OF OREGON, *Respondent, v.* ALBERT CHARLES SHEELER (No. 72-1761-C), *Appellant.*

514 P2d 1370

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

SCHWAB, C. J.

Defendant was convicted of second-degree robbery, ORS 164.405, and appeals. The only question presented is whether the trial court erroneously restricted the cross-examination of the alleged victim of the robbery.

The record is a mass of contradictory and somewhat confusing testimony. Mr. Lako, the alleged victim, testified that about six teenagers gave him a ride home from a bowling alley one evening. Upon arriving at his apartment, Lako invited the group in for beers. According to Lako, after this "party" had been in progress for a short period of time two of the men in the group (Oliver and Anderson) held him while defendant hit and kicked him. Lako then felt someone take his wallet from his pants pocket. When Lako later found the wallet, about $140 in $20 bills was missing.

Anderson's girlfriend testified that Oliver and defendant assaulted Lako, and that Anderson did not participate. She also testified that defendant tossed Lako's wallet onto the floor during the assault, and that she took the money from the wallet and gave it to Anderson with the understanding that Anderson would give it back to Lako.

Defendant's girlfriend testified that Lako was in-

toxicated the evening in question, and that he proposed that she live with him for $100 a month. She further testified that she told defendant about Lako's proposition, that defendant became angry, and that defendant then struck Lako.

Defendant's testimony agreed with his girlfriend's, i.e., that when he learned of the sexual advances Lako had made toward her he became angry and hit Lako.

There was also evidence that Anderson obtained change for one $20 bill later the evening in question, and that he had five additional $20 bills in his possession when taken into police custody later that evening. Anderson did not testify in this trial; the parties stipulated that he had been committed to the Oregon State Hospital and was not available to be a witness.

We infer from the record that it was the state's theory that defendant, Oliver and Anderson all participated in the assault on Lako, and all participated in the robbery of Lako. Defendant admitted having assaulted Lako. Defendant's admitted acts constituted second-degree assault, ORS 163.175, or third-degree assault, ORS 163.165, depending upon the extent of Lako's injuries. However, defendant denied having participated in any robbery of Lako.

We also infer from the record that it was defendant's theory that Anderson alone was guilty of robbing Lako. There was evidence to support this theory. Anderson and his girlfriend were alone with Lako, who was semiconscious, for a few minutes after defendant and the others left Lako's apartment. And later that evening Anderson had about the same amount of money in the same denominations as had been taken from Lako's wallet.

On this record Lako's testimony that defendant,

Oliver and Anderson all participated in the assault and that his wallet was removed from his pocket during the assault was critical to the charge of second-degree robbery against defendant. During cross-examination of Lako the following occurred:

"Q  Have the police officers discussed this matter with you since the time that you have given the statement?

"A  I don't remember off hand. They have been out to my house half a dozen times.

"Q  Did any of the officers say anything to you about a possible prosecution?

"A  * * * [The Prosecutor]:  That is not relevant.

"* * * [Defense Counsel]:  I think it is on the question of bias of the witness, and whether there have been charges possibly placed against him.

"THE COURT:  I am going to sustain the objection."

Defendant then made an offer of proof out of the presence of the jury. While parts of Lako's testimony on the offer of proof are vague and confusing,[1] he did state: (1) at one point he "wouldn't press charges"; and (2) in conversations with an unidentified police officer and/or an attorney in the district attorney's office something was said about the possibility of his being charged with contributing to the delinquency of a minor, presumably based on his having served beer to his teenaged "guests" the evening of the assault. From this testimony the jury would have been entitled, in evaluating Lako's credibility, to infer that

---

[1] Both during the offer of proof and during the rest of Lako's testimony, it proved to be difficult for either attorney to get specific, responsive answers from Lako.

his testimony was motivated in part by some expectation that he would personally gain thereby.

■ We hold that the trial court erred in not permitting the jury to hear this testimony concerning Lako's possible bias and self-interest. In order to evaluate the credibility of a witness, the jury is entitled to hear all the facts relating to the possible bias and self-interest of the witness. *State v. Davidson,* 252 Or 617, 451 P2d 481 (1969); *State v. Weston,* 102 Or 102, 201 P 1083 (1921); *State v. Smalley,* 6 Or App 516, 488 P2d 849 (1971).

■ On this record we cannot say that the error was not prejudicial. Although several witnesses testified that defendant assaulted Lako, the strongest evidence that defendant did more, i.e., robbed Lako, was Lako's testimony. Moreover, all of the other witnesses were either charged with being involved in the assault and possible robbery, or were close friends of those charged. Contrasted with these other witnesses, Lako's testimony would have likely appeared to the jury to be the most believable. Defendant should have been permitted to present to the jury evidence that would have tended to indicate Lako's testimony may not have been the most believable.

Reversed and remanded.