136

Argued September 15, reversed and remanded for new trial
October 20, 1975, petition for review allowed January 13, 1976.

STATE OF OREGON, *Respondent, v.* DONALD
DEE DOWELL (No. 74-2314-C-2), *Appellant.*

541 P2d 829

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John Petersen,* certified law student, University of Oregon Law School, Eugene, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant and another were charged with kidnapping and robbery, both of which allegedly occurred during a brief automobile ride while defendant and a companion were escorting the victim home from a local bar. Following a jury trial defendant was acquitted of kidnapping but found guilty of robbery. ORS 164.-415(1)(a). He appeals contending that the trial court erred in sustaining the state's objection to a defense effort to offer testimony that the victim accepted $100 from the defendant's girl friend not to testify against the defendant.

Defense counsel was allowed to make an offer of proof in which both the victim and defendant's girl friend were called and testified that the latter paid the victim approximately $100 not to testify. Although the testimony of the two witnesses conflicted as to whether the defendant's girl friend offered the hush money initially, or whether she reluctantly paid it after threats were made by the victim and a large male companion, the testimony is in agreement as to the central important facts—that the victim accepted the hush money and agreed not to testify.

The prosecutor objected to the proffered testimony on the ground of relevancy. The trial court, however, in sustaining the objection did not indicate the basis for its ruling.

■ It is our conclusion that the refusal of the court to allow defendant to impeach the credibility of the victim as outlined above was reversible error.

ORS 44.370 provides in part:

"A witness is presumed to speak the truth. This presumption, however, may be overcome * * * by evidence affecting his character or motives * * *."

We conclude that defendant was entitled to offer

the rejected testimony for the jury's consideration as bearing upon the victim's character and credibility as a witness relative to the case at hand. *State v. Moore et al.,* 180 Or 502, 507, 176 P2d 631, 177 P2d 413 (1947); *State v. Sheeler,* 15 Or App 96, 99, 514 P2d 1370 (1973).

On appeal the state argues that the proffered testimony constitutes evidence of a specific immoral act and is therefore inadmissible as a matter of law. The state also argues for the first time that the ruling below should be upheld because defense counsel did not first inquire on cross-examination of the facts showing bad character as the necessary first step to impeachment.

■ Was defendant required to first inquire in cross-examination of the facts concerning the hush money incident before he could call the victim as his own witness to elicit these facts?

■ While the prosecutor did not object to the offer of proof on this ground which the state now urges, the trial judge did sustain his objection. The state's objection and argument on this score would ordinarily be treated as coming too late. *State v. Bartolon,* 8 Or App 538, 495 P2d 772 (1972). However, if the trial court's ruling was correct notwithstanding, and can be sustained on another ground, the appellate courts will normally do so. *City of Portland v. Therrow et al,* 230 Or 275, 369 P2d 762 (1962).

■ It is generally recognized that to discredit a witness it may be shown that he or she accepted a bribe to testify or not to testify. *State v. Wilson,* 163 La 29, 111 So 484 (1927); *Cheatham v. State,* 67 Miss 335, 7 So 204, 19 Am St Rep (1889). *See also,* 58 Am Jur 385, Witnesses, § 713.

After analyzing the issue we believe that the an-

swer lies in the fact that the proffered testimony was not tendered with a view of contradicting the witness, but to show that the witness was willing to refrain from testifying against defendant for a price. This was in effect an attack on the witness's character and credibility. Therefore, it was not necessary to lay a foundation for its admission as required by ORS 45.-610.[①] *State v. Wilson,* supra.

It is our conclusion, therefore, that under the facts presented here this defendant was not required to first inquire on cross-examination of the facts concerning the hush money incident before he could call the victim as his own witness to elicit these facts and that the court erred in excluding the proffered evidence. "This way the jury would have been in possession of all the facts necessary for a full and fair consideration of the testimony of the witness, thereby enabling them to determine the degree of credibility to be given thereto." *State v. Wilson,* supra at 34.

■ Lastly, contrary to the state's argument on appeal, this was not an attempt to impeach by proof of a particular wrongful act which is prohibited by ORS 45.600. Rather it was an attempt to discredit the witness by showing that she had accepted a bribe not to testify against the defendant as to the very crime with which defendant was charged. This was not collateral within the meaning of the prohibition in ORS 45.600.

Reversed and remanded for a new trial.

---

[①] "A witness may be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; but before this can be done, the statements must be related to him, with the circumstances of times, places and persons present, and he shall be asked whether he made the statements, and if so, allowed to explain them. If the statements be in writing, they shall be shown to the witness before any question is put to him concerning them." ORS 45.610.