Argued and submitted September 4, 1984, reassigned May 1, affirmed May 9, 1985

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# CURTIS ALAN BROWN,
*Petitioner on Review.*

(CC 10-83-01576; CA A28931; SC S30767)

699 P2d 1122

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the petition was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. On the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, J., Solicitor General, Salem.

JONES, J.

### JONES, J.

Defendant appealed his conviction of robbery, assigning as error that the trial court ruled evidence that he was on probation for a previous crime admissible to impeach his testimony for interest. The Court of Appeals affirmed without opinion, and we allowed review. We affirm.

The issue involves three provisions of the Oregon Evidence Code: OEC 404(2), which prohibits evidence of a defendant's criminal character; OEC 609(1), dealing with impeaching a defendant in a criminal case with evidence of a prior criminal conviction; and OEC 609-1, dealing with impeaching a defendant in a criminal case with evidence of bias, prejudice or interest.

OEC 404(2) provides:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith * * *."

OEC 609(1) provides:

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year * * * and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (b) involved false statement."

OEC 609-1(1) provides:

"The credibility of a witness may be attacked by evidence that the witness engaged in conduct or made statements showing bias or interest. * * *"

Before trial, following procedures since approved in *State v. McClure,* 298 Or 336, 692 P2d 579 (1985), and *State v. Foster,* 296 Or 174, 674 P2d 587 (1983), in a May 25, 1983, hearing, defendant moved to exclude evidence of defendant's prior criminal conviction as follows:

"[DEFENSE COUNSEL]: Your Honor, there's only one pre-trial matter, and that is the admissibility of a prior conviction of the defendant. It's my anticipation he will be taking the stand. He does have a prior conviction in December

of 1982 in this court of assault in the third degree. He's also recently been found on stipulated facts trial to be guilty of ex-con in possession. However, * * * that's not yet a judgment of conviction because judgment has not been entered and he has not been sentenced on that charge."

The defense attorney then discussed four factors a trial court should consider in deciding whether to admit or exclude evidence of a prior crime under OEC 609(1):

"As the Court is aware, there [are] four factors to consider when talking about whether prior crimes are admissible or not. The first one is whether the nature of the crime concerns the witness's credibility and ability to tell the truth. This is an assault crime, there is no reflection on his credibility.

"The second is the date of conviction and subsequent criminal history. And we'll concede this was pretty close in time, in December of '82, to now, But we think the first factor and the third and fourth factors outweigh that. The third factor is the similarities to the crime charged. This is a robbery, the other crime was an assault. However, this is Robbery I, where it's charged the defendant was armed with a deadly or dangerous weapon, so both are crimes of violence.

"* * * * *

"The fourth factor is the importance of defendant's testimony to the issue at hand. Briefly, I believe what the issue is going to be is that there were two transients * * * involved in a purported armed robbery in a house on River Road. The only witness to that incident will be the victim and the defendant, who wishes to testify. The victim's story is going to be that he was stuck up by the defendant. The defendant's story is going to be that it didn't happen that way. So the only way any kind of evidence of what did happen, the defendant's version, is going to get in front of the jury, is if the defendant takes the stand and testifies. Therefore, I would submit that the importance of his testimony is crucial to his theory of the case. * * * I would urge the Court to make a finding that in fact the probative value of the defendant's testimony would be severely prejudiced if the State were allowed to introduce the evidence of his prior conviction."

The fact that the defendant was still under supervision by the state as a probationer came up immediately thereafter:

"THE COURT: What was the sentence on the Assault III?

"* * * * *

"THE COURT: He was put on probation then?

"[DEFENSE COUNSEL]: Yes * * *. He was found guilty of a probation violation by Judge Allen in March or April of this year. Sentencing on that has been deferred pending presentence investigation in the ex-con in possession charge.

"* * * * *

"THE COURT: * * *

"Don't you get a new factor if a defendant is in fact on probation at the time he testifies? Isn't there a basis for showing that he's on probation and faces a penalty other than that merely for the conviction of the crime he's being tried for? Don't you get a basis over and above or aside from the use of a conviction to impeach?* * *"

The court then posed the rhetorical question:

"You don't think you can argue that a defendant not only has the motive of any defendant to achieve an acquittal, but as an additional because he's on probation?"

The prosecutor replied:

"Yes, well, I agree it's logically relevant. I wish I could say to the Court that I'm aware of some authority that would allow me to do so, but I'm not aware of any. * * *

"* * *I personally would not be opposed to a stipulation that the defendant is on probation for a crime period without mentioning what the crime is.* * *

"* * * * *

"THE COURT: * * * Now, if he's convicted here, there can be another show of cause filed?

"[DEFENSE COUNSEL]: I assume so, yes.

"THE COURT: And whether there's another show cause filed or not, Judge Allen can be told that in addition to the violation he has been found to have committed, there is another violation of record in which no hearing is held but which is in dispute over, that he's violated another crime, committed another crime, while on probation?

"[DEFENSE COUNSEL]: That's correct, Your Honor. The judge is entitled to know all factors in the background leading up to a sentencing. * * *"

The court then correctly summed up the essence of OEC 404 and 609(1):

"All right. 609 talks about bringing in convictions as

convictions. The only relevance of which is to — the only possible relevance of which is to show one of two things. One of which is permissible and one is not. One being he more than likely committed this crime because he's that kind of a guy, and that's impermissible. And the other one, he's likely to lie on the stand because he's that kind of guy, and that's admissible."

The trial judge then commented that he felt that bias, prejudice and interest can be admitted independent of OEC 609-1:

"Now, there are all kinds of times when we allude to convictions, and 609 doesn't come into play at all. For example, somebody commits a crime while he's in jail. We don't pretend he wasn't in jail, we let the jury know he was in jail when he committed this crime. Or it's an issue whether he knew somebody. He met him in the jail. We let the jury know that he met him in the jail. We don't try to sanitize that. So where a conviction or a fact or probation is otherwise relevant, we do not even get to 609, do we? And when we've got nothing but a conviction, the sentence of which has been served, there's no arguable relevance except what it may show about the defendant. But when we've got a defendant on parole or probation, we've got a relevance aside from the conviction."

The prosecutor responded:

"* * *[T]his person's self-interest to testify a certain way, and is that self-interest sort of kind of doubled because not only does he have consequences here but elsewhere as well. * * *"

Defense counsel added:

"Your Honor, if the State's concerned about showing that Mr. Brown has some self-interest in taking the stand and wants to say well, he's on probation and, therefore, there's self-interest, I think that's, in effect, overkill, because it's obviously [sic] he's got a self-interest. * * *"

After additional colloquy, the court concluded:

"* * * Well, I think I might very well be justified in allowing the district attorney to show a single conviction of assault less than six months prior to this trial. But I understand the district attorney to be saying that notwithstanding my allowing him to do that, he would be content to simply be able to show that the defendant is on probation for some crime.

"* * * * *

"And I'll allow him to show that and deny the 609 request."

Defense counsel then protected his record in accordance with procedures set forth in *State v. Foster, supra,* as follows

"Your Honor, also for the record, I'd like to have a continuing objection to your ruling so I won't have to raise it."

During direct examination of defendant, in an effort to neutralize the sting of the anticipated impeachment testimony, defense counsel asked:

"Q. Are you presently on probation?

"A. Yes, I am.

"Q. And you realize that whatever may happen here today may affect your probation status?

"A. Yes.

"Q. Are you also aware you can be charged with another crime if you do not tell the truth when you're under oath here?

"A. Yes, I do understand."

On cross-examination, the prosecutor questioned defendant as follows:

"Q. You're on probation for committing some crime, is that right.

"A. Yes."

■　　At the outset, we note that OEC 609-1 (bias, interest, etc.) does not literally allow admission of the evidence in this case. It authorizes attacks on the credibility of a witness by evidence that the witness "engaged in conduct or made statements" showing either bias or interest. The rule says nothing about showing bias or interest by evidence other than conduct or statements of the witness.

■　　The language of OEC 609-1 may create some uncertainty about the applicability of OEC 609-1 to evidence of bias or interest other than conduct or statements. OEC 609-1 was written by the legislature to codify this court's holding in *State v. Dowell,* 274 Or 547, 547 P2d 619 (1976). In *Dowell,* we held that the typical "Queen Caroline" foundation[1] of establishing

---

[1] The legislative commentary to OEC 613 reads:

"The Queen's Case, 2 Br. & B. 284, 129 Eng Rep 976 (1820), laid down the requirement that a cross-examiner, prior to questioning a witness about the witness' prior statement in writing, must show it to the witness. Abolished by statute in the country of its origin, the requirement nevertheless gained currency in the United States * * *."

time, place and persons present at the time of prior inconsistent statements should also be required for evidence of conduct or statements demonstrating bias or interest. At the time OEC 609-1 was drafted, OEC 613 required such a foundation. However, in the transition from the Oregon Evidence Revision Commission through the Joint Interim Committee to the final passage, OEC 613's "Queen Caroline" foundation requirement was dropped. OEC 613 now provides that the prior inconsistent statement of the witness need not be shown or its contents disclosed to the witness at the time of cross-examination, nor need the witness be told of the time, place and persons present at the time of the alleged statement. OEC 609-1 is therefore "out-of-sync" with OEC 613. OEC 609-1 was never intended to restrict other forms of impeachment for bias or interest. Completely aside from OEC 609-1, bias due to friendship, family relationship, etc., and interest in the form of amount of expert witness fees, etc., continue to be viable forms of impeachment even though no conduct or statement is involved. *See, e.g., State v. Sheeler,* 15 Or App 96, 514 P2d 1370 (1973); *State v. Guerrero,* 11 Or App 284, 501 P2d 988 (1972). As Professor Kirkpatrick states:

> "Bias may be evidenced by personal, family, romantic, sexual, or business relationships; by employment or termination of employment by a party; by statements or conduct indicating positive or negative feelings of the witness towards a party; by claims, litigation or settlements between the witness and a party; by prior fights or quarrels; by a party offering to give or a witness offering to receive a bribe; by payment of compensation of any nature by the party to the witness; by granting or promising to grant special advantage or favoritism; by a showing of a motive to curry favor with a party, such as showing that an agreement to grant immunity, recommend leniency, drop another charge or any other concession by a prosecutor or other law enforcement officer to a witness. *See* McCormick, Evidence § 40 at 78-80 (2d ed 1972)." Kirkpatrick, Oregon Evidence 263 (1982).

Both OEC 609(1) and 609-1 deal with evidence casting doubt on the credibility of witnesses generally, including defendants in criminal trials. But the situation of a defendant differs from that of other witnesses in important respects. First, the interest of the defendant in avoiding conviction ordinarily is self-evident, whereas evidence may be required to show that another witness has an interest in the case.

Second, evidence that a witness previously has been convicted of a crime ordinarily has no significance in the trial other than to cast doubt upon the testimony of that witness. Unless that crime somehow implicates the defendant, its disclosure is not necessarily prejudicial to the defendant. It may help him, if the witness testifies for the prosecution. Indeed, the denial of cross-examination by a defendant of a prosecution witness to demonstrate the witness was on probation and therefore by implication under the control of the state, has been held to be a violation of the constitutional confrontation rights of a defendant under the United States Constitution. *See Davis v. Alaska,* 415 US 308, 94 S Ct 1105, 39 L Ed 2d 347 (1974).

■　　Evidence that the defendant himself previously has been convicted of a crime, on the other hand, usually is very prejudicial to the defendant because such a fact is often interpreted by the jury as evidence of a bad criminal character. That is why prior criminal convictions may be shown only when admissible under the limited conditions of OEC 609 for the purposes of attacking the credibility of the defendant's testimony and only under specified exceptions under OEC 404.[2]

---

[2] OEC 404 provides:

"(1) Evidence of a person's character or trait of character is admissible when it is an essential element of a charge, claim or defense.

"(2) Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(a) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;

(b) Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same or evidence of a character trait of peacefulness of the victim offered by the prosecution to rebut evidence that the victim was the first aggressor;

(c) Evidence of the character of a witness, as provided in [OEC 607 to 609]; or

(d) Evidence of the character of a party for violent behavior offered in a civil assault and battery case when self-defense is pleaded and there is evidence to support such defense.

"(3) Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

■     We believe evidence of the probationary status of a defendant necessarily reveals the fact that the defendant had commited a prior crime. The essence of such evidence is that the jury would infer the defendant was a person of bad character and ignore the credibility aspects of such evidence. In criminal cases the defendant's interest in avoiding conviction is sufficiently obvious that it does not justify additional demonstration by evidence that he is on probation for another conviction.

**5.**     In this case, the trial judge did not have the benefit of our opinion in *State v. McClure, supra.* In *McClure,* we held that in cases of "similar crime," *e.g.,* robbery trial, prior robbery conviction offered under OEC 609, and "low credibility crime," *e.g.,* assault conviction, the prosecutor should be limited merely to asking the defendant if he has been convicted of a felony without specifying the type of crime so as to reduce the chances of the jury interpreting the cross-examination as an attack on character as opposed to its proper limitation as an attack on credibility.[3] We stated: "We assume * * * that the fact that a witness has been convicted of *any* felony within the prescribed time limits has some relevancy." 298 Or at 353 (emphasis in original). The trial judge in this present case reflected that he could well admit the fact of the prior convictions under OEC 609(1), including the name of the assault conviction, but opted for the evidence that the defendant was on probation for an unnamed crime. In doing so he erred. However, we find the error was harmless.

■     The defendant in this case testified and in his defense tried to mitigate the fact that he was found in possession of a weapon which witnesses said was used in the robbery. He claimed he was trying to get rid of the gun and had attempted to sell it to others. On cross-examination, he was asked, "Well, why did you want to get rid of the gun?" The defendant then responded, independent of any impeachment issue, "Because I was on probation, and a probation officer said I cannot have a gun no more." Since the defendant injected an independent reason for mentioning his probationary status, he cannot

---

[3] Under *State v. McClure,* 298 Or 336, 692 P2d 579 (1985), when prior convictions are not "similar crimes" or "low credibility" crimes, the trial court decides whether to admit the name of the prior crime by utilizing the balancing test set forth in OEC 609(1).

claim now that he was hurt by the original offer of such evidence by the state for impeachment purposes. There was substantial and convincing evidence of defendant's guilt. *See State v. Mains,* 295 Or 640, 669 P2d 1112 (1983); *State v. Naylor,* 291 Or 191, 629 P2d 1308 (1981); *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973). The fact that the defendant in this case was on probation for an unspecified crime did not affect a substantial right of the defendant and there was little, if any, likelihood that the error changed the result of the trial. OEC 103(1); Or Const, Art VII (Amended), § 3.[4]

The Court of Appeals is affirmed.

---

[4] OEC 103(1) provides in pertinent part:

"Effect of erroneous ruling. Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

Article VII (Amended), section 3, of the Oregon Constitution provides in pertinent part:

"* * * If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial * * *."

# PETITIONS FOR REVIEW

# ALLOWED AND DENIED

## ALLOWED
### May 7, 1985
State ex rel Adult and Family Serv. v. Fulop (A31740)(S31630)(72 Or App 424)

## DENIED
### May 7, 1985
Baty and Baty (A31984)(S31624)(72 Or App 591)
CECO Corp. v. Bailey (A31149)(S31623)(71 Or App 782)
Gardner and Gardner (A32095)(S31674)(72 Or App 780)
Pearson, Larry D. v. Cupp (A32793)(S31618)(72 Or App 222)
State v. Dickey, Sherry Lynn (A32894)(S31653)(72 Or App 591)
State v. Faunce, Robert Thomas (A33169)(S31678)(72 Or App 783)
State v. Flores-Santos, Victor Manuel (A32054/55)(S31643)(72 Or App 589)
State v. Graham, Thomas Herbert (A30373)(S31594)(72 Or App 185)
State v. Hatt, Anthony Frank (A32074)(S31645)(72 Or App 783)
State v. Landrigan, Janie Gail (A33103)(S31633)(72 Or App 782)
State v. Leavy, Michael Bruce (A32914)(S31587)(72 Or App 589)
State v. Moore, Melody Eaton (A27021)(S31668)(72 Or App 454)
State v. North, Robert Allen (A29068)(S31588)(72 Or App 1) Lent, JJ., would allow
State v. Pedro, Susan Lee (A32734)(S31642)(72 Or App 784)
State v. Worton, Michelle Mari (A32977)(S31631)(72 Or App 590)
Thorne v. Hervin Company, The (A31950)(S31617)(72 Or App 222)
Walker v. Josephine County (A33241)(S31683)(72 Or App 781)
Weyerhaeuser Company v. Morey (A32836)(S31681)(72 Or App 780)
Wright v. KECH-TV (A28750)(S31616)(71 Or App 662) Linde and Lent, JJ., would allow

## DENIED
### May 14, 1985
Hazel v. Black (A34732)(S31627)(on dismissal)