Argued and submitted December 14, 1998, reversed and remanded July 7, respondent's petition for reconsideration filed July 21 allowed by opinion September 22, 1999
See 163 Or App 20 (1999)

Bev SLEIGH,
*Respondent,*

*v.*

JENNY CRAIG WEIGHT LOSS CENTRES, INC.,
and Kimberly Stubblefield-Takla,
*Appellants.*

(9507-04638; CA A95213)

984 P2d 891

Gerald J. Huffman argued the cause for appellants. With him on the briefs were David Whitaker, Sue Ann Kelly, and Lemle & Kelleher, LLP., and Timothy R. Volpert, Lori Lee Brocker, and Davis Wright Tremaine, LLP.

Elizabeth McKanna argued the cause for respondent. With her on the brief were Ralph E. Wiser, and Bennett Hartman Reynolds & Wiser.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

## DEITS, C. J.

Plaintiff brought this action under ORS 659.121, alleging that defendants, her employer and one of its supervisory employees, discriminated against her by disciplining and discharging her because of a work-related injury and concomitant use of the workers' compensation system and because of her age. ORS 659.410; ORS 659.030. The trial court entered judgment pursuant to the jury's verdict for plaintiff on both claims, and defendants appeal.[1] We reverse.

Plaintiff was hired in 1989, when she was 57 years old. She sustained a compensable injury in January 1993. Between the time of her return to work later that year and September, when defendants discharged plaintiff, she was disciplined or subjected to other negative personnel measures several times, was the object of one or more customer complaints, and was warned that she would be terminated if her performance and behavior did not improve. She had experienced few, if any, disciplinary problems before her injury. At trial, the key factual issue was whether plaintiff's conduct warranted the post-injury disciplinary measures and was the reason for the discharge, or, conversely, whether plaintiff's purported misconduct and the resulting discipline were fabricated or exaggerated by defendants as part of the same discrimination that plaintiff alleges also motivated defendants to fire her.

After the discharge, plaintiff filed unlawful employment practices complaints with the state Bureau of Labor and Industries (BOLI). With regard to plaintiff's allegations of discrimination based on her injured employee status, BOLI's investigator produced a five-page "notice of administrative determination." *See* ORS 659.050. The notice was based in large measure on interviews with customers and coworkers. It contains a number of specific "findings" that challenge the validity or the appropriateness of defendants' disciplinary actions and ascribes them to the employer's

---

[1] Plaintiff also asserted a claim for intentional infliction of emotional distress. The jury found for defendants on that claim, and no issue concerning it is presented on appeal.

desire "to rid itself of an injured worker." The notice concludes with the "determination" that BOLI "finds substantial evidence of [unlawful employment practices] based on injured worker status in violation of ORS 659.410." However, in a separate report, the BOLI investigator reached the opposite conclusion as to whether there was substantial evidence of discrimination based on age. Plaintiff then brought this action, and the administrative proceedings before BOLI did not advance from the investigative stage to a contested case proceeding under ORS 659.060. *See* ORS 659.095.

■     Through a pretrial motion *in limine* and, again, at trial, defendants objected to the admission of the BOLI determination notice, offered by plaintiff, relating to the claimed discrimination based on her injured worker status. Defendants asserted that the evidence was hearsay and that its potential for prejudice outweighed its probative value under OEC 403. The trial court overruled the objection, rejecting the OEC 403 contention and concluding that the notice came within the exception to the hearsay rule contained in OEC 803(8)(c).[2] That section makes admissible in civil actions the reports, records, statements or compilations of data of public offices or agencies that set forth

> "factual findings, resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

In their first two assignments, defendants contend that the trial court erred by admitting the adverse BOLI notice, and they repeat both of the grounds for its exclusion that they advanced in the trial court. We agree with defendants that the evidence does not come within OEC 803(8)(c) and that it is therefore inadmissible hearsay.

Our review of the text and context of the rule, and particularly of the term "factual findings," does not resolve all doubt about its meaning as relevant to the matter in question. Accordingly, we turn to the legislative history. The Supreme Court has incisively concluded that "the Legislative

---

[2] Defendants later introduced and the trial court admitted the BOLI determination that there was not substantial evidence of age discrimination.

Commentary on the Oregon Evidence Code should be considered as part of that Code's legislative history." *State ex rel OHSU v. Haas*, 325 Or 492, 506 n 10, 942 P2d 261 (1997). The Legislative Commentary to OEC 803(8)(c) states, in part:

> "The Legislative Assembly intends that this paragraph not provide a sweeping exception for public records containing evaluations or opinions. 'Factual findings' is to be strictly construed to allow as evidence only those reports, otherwise in accord with the rule, which are based on first-hand observation by the public official making the report. *See, e.g., Finchcum v. Lyons*, 247 Or 255, 428 P2d [890] (1967) (admitting findings of pathologist that potatoes were infected with ring rot because evidence did not suggest that investigation involved exercise of discretion); *Davis v. Georgia Pacific*, 251 Or 239, 445 P2d 481 (1968) (admitting results of investigation by State Sanitary Authority on amount of fallout from mill because statements in documents were fact and not opinion). Where there are still factors present that cast doubt upon the trustworthiness of a record, this subsection authorizes the trial judge to exclude it."

*Quoted in* Laird C. Kirkpatrick, *Oregon Evidence*, 565 (2d ed 1989).

In his text, Kirkpatrick states that the applicability of OEC 803(8)(c) "depend[s] on the extent to which the finding was one of fact rather than opinion, and the extent to which the finding was based on [the investigator's] personal knowledge rather than hearsay information." *Id*. at 573. That test corresponds roughly to the one that the Oregon Supreme Court followed in connection with the predecessors of OEC 803(8)(c), which it summarized as requiring "that the officer making the entry *either* have had personal knowledge of the facts *or* that he had a duty of ascertaining the truth of such facts." *Wynn v. Sundquist*, 259 Or 125, 134, 485 P2d 1085 (1971) (emphasis in original).

The evidence here does not pass the test for admissibility under OEC 803(8)(c). It is based on hearsay rather than the investigator's firsthand knowledge; it arrives at opinions of the investigator rather than setting forth purely factual matters; and the ultimate opinion at which it

arrives—that there is substantial evidence of discrimination—was not, and was not designed to be, a determination of the truth of a fact, but was merely a preliminary conclusion that sufficient grounds existed for the continuation of an administrative process that, had it been followed to its conclusion, would eventually culminate in a determination about the truth of the fact. The evidence does not come within the exception, and its admission was error.[3]

■    Plaintiff argues that the error in admitting the evidence is harmless—or at least not reversible—because the court gave a curative instruction to the effect that the jurors should base their findings on their own evaluation of the evidence and that "BOLI's findings in this matter are not binding upon you. * * * A finding of substantial evidence is not equal to a finding that a company or individual is guilty of discrimination." Plaintiff also argues that there was "substantial evidence," independent of the BOLI determination, sufficient to support the verdict. We do not agree that the error is harmless for either reason. The other evidence could have readily supported a finding either way on the question of discrimination based on plaintiff's injured worker status, and the finding could have turned largely on competing inferences that the jurors could draw from the evidence. Moreover, the BOLI determination was "strong" in its support of plaintiff. There is a substantial likelihood that the inadmissible evidence could have affected the verdict. Similarly, the curative instruction was inadequate to diffuse the prejudice. Indeed, it effectively apprised the jurors that they *could* give some weight to the inadmissible evidence. It cured nothing.

Finally, plaintiff argues that defendant's subsequent introduction into evidence "of the BOLI finding regarding age discrimination offset any adverse impact of the [injured

---

[3] Neither *Oberg v. Honda Motor Co.*, 316 Or 263, 269, 851 P2d 1084 (1993), *rev'd on other grounds* 512 US 418, 114 S Ct 2331, 129 L Ed 2d 3361 (1994), nor *McCuller v. Gaudry*, 59 Or App 13, 650 P2d 148 (1982), is to the contrary. In *Oberg*, the Supreme Court concluded that, unlike here, the evidence in question was not hearsay, because it was not offered for the truth of the matter asserted. In *McCuller*, the objection to the evidence was not based on hearsay grounds, nor was our opinion.

Our disposition makes it unnecessary for us to reach defendants' argument based on OEC 403.

worker] finding and precludes a claim of error by defendants on appeal." Insofar as plaintiff's points in this connection attempt to further her demonstration that the weight of the evidence rendered the error harmless, we reject them for the reasons stated above.

However, citing *State v. Brown*, 299 Or 143, 699 P2d 1122 (1985), plaintiff also contends that, as a general proposition, "[w]here a party objects to the introduction of evidence by an opponent but then later offers the same evidence for an independent reason, the objecting party cannot claim error on appeal." In *Brown*, the court held that the trial court's error in admitting evidence of the criminal defendant's probationary status was harmless because, in his own later testimony, the defendant mentioned his probationary status for an "independent reason." 299 Or at 152. The situation here differs, in that defendants did not offer the *same* evidence as the evidence to which they objected; they offered evidence that was of the same general *kind* but that differed in substance and pertained to a different fact and to a different claim. If the intended premise of plaintiff's point is a variation of the "invited error" rationale, we disagree with the premise. Defendants offered the BOLI age discrimination determination *after* the court had made it clear through the ruling on plaintiff's evidence that it considered the BOLI reports to be admissible. No principle of which we are aware or that plaintiff identifies precludes defendants from asserting the error under these circumstances. The trial court erred by admitting the BOLI determination concerning the injured worker discrimination claim, and the error is reversible.

■   Of defendants' remaining assignments, we consider one to be sufficiently likely to arise on remand to require its discussion here. Defendants contend that the trial court erred by refusing to give their requested instruction:

> "An employer has broad discretion to retain or dismiss its employees. The issue before you is not whether you agree with [the employer's] judgment, but whether its decision was made for lawful reasons."

The substance of what defendants sought to impart to the jury through the proposed instruction was adequately communicated through other instructions, including others that

defendants successfully requested. Moreover, the form of the proposed instruction is argumentative. On this record, the refusal to give it was not error.

Reversed and remanded.