On respondent's petition for reconsideration filed July 21, reconsideration allowed; decision (161 Or App 262, 984 P2d 891) modified; judgment affirmed in part and reversed and remanded in part September 22, 1999

## Bev SLEIGH,
*Respondent,*

*v.*

## JENNY CRAIG WEIGHT LOSS CENTRES, INC.,
and Kimberly Stubblefield-Takla,
*Appellants.*

### (9507-04638; CA A95213)

988 P2d 916

Mark Johnson and Bennett, Hartman & Reynolds for petition.

Timothy R. Volpert and Davis Wright Tremaine, LLP, for response.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

**DEITS, C. J.**

Plaintiff petitions for reconsideration of our decision in which we reversed and remanded the judgment in her favor in this action arising out of her discharge by the defendant employer and related conduct by the individual defendant. *Sleigh v. Jenny Craig Weight Loss Centres, Inc.*, 161 Or App 262, 984 P2d 891 (1999). The judgment was entered on a jury verdict which, in response to special interrogatories, found for plaintiff on her separate claims for discrimination based on her "injured worker status" and discrimination based on age. The error on which our disposition was predicated pertained to the admission of evidence that went only to the injured worker claim. Plaintiff argues that we should therefore modify our opinion to reverse and remand only on that claim and that we should affirm the judgment for plaintiff on the age discrimination claim. Under the circumstances of this case, we agree with plaintiff and modify our decision accordingly.

There are three general reasons for our disposition of the petition. First, the relief that the judgment grants plaintiff on the respective claims is discrete and easily separable. She was awarded $37,500 in compensatory damages against the employer on the age discrimination claim. All other damages, compensatory and punitive, against the employer and the individual defendant, were awarded in connection with the injured worker claim.

Second, defendants' contentions on appeal were also such that there is no necessary connection between the disposition of the two claims. Defendants made six assignments of error. The first two related to the evidentiary error on which we based our reversal and, therefore, pertained directly only to the injured worker claim. The last two assignments related to the awards of punitive damages against one or both defendants. As noted, the judgment awards punitive damages only in connection with the injured worker claim. The third assignment challenges the trial court's refusal to give a requested instruction. Although that assignment arguably has bearing on both claims, it is of no moment because

we held that the refusal to give the instruction was not erroneous. Similarly, the fourth assignment, in which defendants contended that the award of attorney fees against them was error, also bears on both claims. However, whether our remand were to include one claim or both, our disposition automatically vacates the award of attorney fees *in toto*. Hence, as with the relief under the trial court's judgment, the relief on appeal does not require any continuing linkage between the two claims.

Finally, this is an appropriate case for a remand that is limited to the claims and issues that are directly affected by the error. *See Baker v. English,* 134 Or App 43, 48-50, 894 P2d 505 (1995), *rev'd on unrelated grounds* 324 Or 585, 932 P2d 57 (1997), and cases there cited. Although defendants assert that the erroneously admitted evidence affected their credibility in the eyes of the jury in a way that could have had an impact on the findings on both claims, as in *Baker,* the connection that defendants discern is wholly hypothetical. *See id.* at 50. As explained in our original opinion, evidence of precisely the same kind that we held to be improperly admitted in connection with the injured worker claim, except that it was favorable to defendants, was offered by defendants and was admitted in connection with the age discrimination claim. Further, the jury found for defendants on a separate intentional infliction of emotional distress claim that plaintiff alleged in conjunction with the same underlying events. Given those indications that the jury gave independent consideration to the various claims, we conclude that there is no reason to assume that plaintiff's contrary hypothesis is correct or to require a retrial of any claim that was not directly implicated by the error.

Plaintiff also argues in her petition that we erred by awarding costs to defendants as the prevailing parties on appeal, as opposed to making the award of costs contingent on the final outcome of the litigation. Even with the modification that we now make, we adhere to our decision to award costs.

Reconsideration allowed; decision modified; judgment for damages on age discrimination claim affirmed; judgment for plaintiff otherwise reversed and remanded.